CHARLES F. DEZURIK v. HENRY W. IBLINGS AND OTHERS.

EDWARD CARLSON v. HENRY W. IBLINGS AND OTHERS.

NICKOLAI H. WELTZIN v. EMMA L. HANSCOM AND OTHERS.[1]

April 5, 1918.

No. 20,700.

**Foreclosure of mechanic's lien — appointment of receiver.**

In an action to foreclose a mechanic's lien, a receiver may be appointed to take possession of, lease or otherwise handle the property, for the benefit of all the parties, under the direction of the court, upon a petition of one of the lien claimants, where a sale has been had and confirmation thereof denied, asking that a receiver be appointed to sell and dispose of such property, and to take charge and handle the same under the direction of the court.

Three actions in the district court for Hennepin county to enforce mechanics' liens. They were consolidated and tried together before Molyneaux, J., who made findings and ordered judgment in favor of the several lien claimants and directing a sale of the premises to satisfy the liens, subject only to a mortgage in favor of the Massachusetts Mutual Life Insurance Company and the sheriff's certificate issued upon foreclosure of the same. From an order appointing a receiver of the premises, defendant Webster Lumber Company appealed. Affirmed.

A. R. Chesnut and H. Stanley Hanson, for appellant.

John A. Nordin and Arthur H. Anderson, for respondent.

[1]Reported in 167 N. W. 116.

Quinn, J.

Appeal from an order appointing a receiver under the provisions of Section 7034, G. S. 1913, to take charge of, lease and handle real property.

Three actions were brought to foreclose certain mechanics' liens for labor and material furnished for the erection of a dwelling upon the premises in question in 1914, which were vacant and unoccupied prior to that time. The cases were consolidated and tried as one. There were 24 lien claims involved. The trial resulted in the allowance of all the claims which were decreed a lien upon the premises, subject and second only to a mortgage in favor of the Massachusetts Mutual Life Insurance Company for $6,000. January 6, 1916, judgment was entered in accordance with such findings and decree.

The mortgage referred to was foreclosed and the property sold and bid in by the mortgagee for $6,058, and on May 31, 1915, a sheriff's certificate, in due form, was issued to the insurance company. Prior to the expiration of the time of redemption from the mortgage foreclosure sale, appellant and several others of the lien claimants filed notices of intention to redeem. On June 5, 1916, appellant Webster Lumber Company, as a judgment creditor, redeemed the property from such sale, pursuant to its notice of redemption, paying therefor the sum of $7,120-.42, and the sheriff issued his certificate of redemption to the appellant.

April 21, 1917, the premises were sold by the sheriff under the lien judgment for the full amount thereof and were bid in in the name of the lien claimants as tenants in common. May 5, 1917, the sheriff's report of sale came up for confirmation, when the defendants Webster Lumber Company and the Minneapolis Plumbing Company appeared and objected to the confirmation, upon the ground that they had never authorized anyone to bid on the property in their behalf. On June 8, 1917, the court filed its order denying the confirmation and vacated the sale.

June 23, 1917, defendant Day Brothers petitioned for the appointment of a receiver of the property under section 7034 of the statute, to sell and dispose of the same and apply the proceeds in payment of the respective liens, save that of the Webster Lumber Company, and to take

charge and handle the said property under the order and direction of the court. August 3, 1917, the court filed its order appointing Arthur H. Anderson as receiver of the property to take possession of and to lease or otherwise handle the same in the interest and for the benefit of all concerned, and, according to their respective rights, to collect the rents and retain the same until authorized by order of the court to pay the same to the parties entitled thereto.

Section 7034 of the statute referred to provides: "If in any case the sale be not confirmed, the court may direct a resale, or, if deemed best, may appoint a receiver to lease or otherwise handle the property under its direction, in the interests of all persons concerned."

The appellant assigns as error: (1) That the court erred in assuming jurisdiction of the motion; (2) in appointing a receiver of the property; (3) in granting relief not asked for in the moving papers.

In support of its assignments of error the appellant contends: That the statute specifically provides the remedies where an order has been made denying confirmation of a mechanic's lien foreclosure sale; that the instant case comes within the statute, and the only remedies which the court can give are the two specified therein, viz., either to direct a resale or to appoint a receiver to lease and otherwise handle the property, under the direction of the court, in the interests of all the parties.

Appellant urges that, the notice of motion and moving papers ask for a remedy other than those specified in the statute, viz., for the appointment of a receiver "to sell and dispose of," and that such a petition is insufficient to give the court jurisdiction or to authorize the appointment of a receiver. In this we think the appellant is in error. The moving papers, as we read them, go beyond that contended for by appellant. While it is true that relief which the statute does not authorize is asked for in the moving papers, yet, in addition thereto, the very relief granted by the court was also asked for. The notice of motion asks for the appointment of a receiver "to sell and dispose of," but it also asks for a receiver "to take charge and handle the said property under the order and direction of the court." Under the latter provision, we think the court had jurisdiction and was authorized to appoint a receiver for the purposes specified in its order.

Subsequent to the completion of the dwelling, appellant obtained a quitclaim deed to the premises in question from the owner thereof. Whether this deed was absolute or conditional does not appear, nor does it appear what interest in the premises appellant acquired through the redemption certificate from the mortgage foreclosure sale. These matters cannot be determined upon a motion for the appointment of a reciever under the statute. The order appealed from is affirmed.